14-3704-cv
Edgar Sosa v. Local Staff, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fifteen.

PRESENT:   ROBERT D. SACK,
                      RAYMOND J. LOHIER, JR.,
                      SUSAN L. CARNEY,
                              *Circuit Judges.*

--------------------------------------------------------------------------------
EDGAR SOSA,
                              *Plaintiff-Appellant*,

                       v.                                                          No. 14-3704-cv

LOCAL STAFF, LLC, CROSS COUNTRY HEALTHCARE,
INC., CORNELL UNIVERSITY, WEILL CORNELL MEDICAL
COLLEGE, ADELA VARGAS, Individually, GUY MAZZA,
DAVID GREENE, Individually, ISABEL STANSHINE,
Individually,

                              *Defendants-Appellees.**
--------------------------------------------------------------------------------

* The Clerk of Court is directed to amend the case caption as set forth above.

1

FOR PLAINTIFF-APPELLANT:    CASEY WOLNOWSKI (Alex Umansky, *on the brief*), Phillips & Associates, New York, NY

FOR DEFENDANTS-APPELLEES:    JOSEPH C. O'KEEFE, Proskauer Rose LLP, Newark, NJ, *for* Local Staff, LLC, Cross-Country Healthcare, Inc., , David Greene & Isabel Stanshine
SHERYL A. ORWEL (James R. Kahn, *on the brief*), New York, NY, *for* Cornell University, Weill Cornell Medical College, Adela Vargas & Guy Mazza

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Edgar Sosa appeals from a judgment of the District Court (Buchwald, J.) dismissing his claims of race-based discrimination, hostile work environment, and retaliation against various people and entities associated with his former employer under 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the New York City Human Rights Law, New York City Administrative Code, § 8-101 (the "NYCHRL"). This appeal centers on Sosa's internal complaints regarding one comment made by his supervisor, defendant Adela Vargas, in which she told Sosa, "You're so street."   We agree with the District Court that these complaints did not constitute protected activity for the purpose of a retaliation claim under either Title VII or the NYCHRL.

To bring a Title VII retaliation claim based on a complaint of unlawful activity, a "plaintiff must demonstrate a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988) (quotation marks omitted). The objective reasonableness of an employee's belief that the employer has violated Title VII must "be measured against existing substantive law," because a failure to do so would "eviscerate the objective component of our reasonableness inquiry." Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1351 (11th Cir. 1999) (quotation marks omitted); see also Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178-79 (2d Cir. 1996). Because Vargas's comment to Sosa was "at worst an isolated incident that cannot remotely be considered extremely serious," as Title VII requires, Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 271 (2001) (quotation marks omitted), Sosa's belief that it was unlawful was not objectively reasonable.

We also conclude that Sosa did not "oppose[] any practice forbidden" by the NYCHRL. N.Y.C. Admin. Code § 8-107(7). Although we construe the NYCHRL more broadly than its federal and state counterparts, see, e.g., Nelson v. HSBC Bank USA, 929 N.Y.S.2d 259, 264 (2d Dep't 2011), we recognize that it still does not "operate as a general civility code." Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 40-41 (1st Dep't 2009) (quotation marks omitted). Based on the allegations in Sosa's complaint, we agree that

the comment "You're so street" is "nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences." Id. at 41 (quotation marks omitted). We therefore affirm the District Court's holding that Sosa had not engaged in protected activity under the NYCHRL.

We have considered all of Sosa's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4